IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,633-03






EX PARTE CHARLES DOUGLAS LAND, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 08F0035-102-A IN THE 102ND DISTRICT COURT


FROM BOWIE COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault
of a child and sentenced to seventy-five years' imprisonment. The Sixth Court of Appeals affirmed
his conviction. Land v. State, No. 06-09-0004-CR (Tex. App. - Texarkana, June 24, 2009, pet.
ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to object to an erroneous jury instruction about parole eligibility during the
punishment phase, failed to file a motion to quash the defective amended indictment, failed to
communicate a thirty-five year plea offer to Applicant prior to the offer being withdrawn, and failed
to file a motion requiring the State to elect a specific incident upon which it intended to rely for this
conviction. 

 Applicant alleges that the jury charge at guilt/ innocence was defective because it failed to
require a unanimity as to which incident the jury's verdict was based upon, and that the charge at
punishment was defective because the jury was instructed incorrectly as to parole eligibility. 

 Finally, Applicant alleges that his appellate counsel was ineffective for failing to raise the
issue of a non-unanimous jury verdict on direct appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel and appellate counsel to respond to Applicant's claims of ineffective
assistance of counsel. The trial counsel may also obtain an affidavit from the trial prosecutor stating
what plea offers were made to defense counsel. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with a complete copy of the trial
record, including copies of pre-trial motions, transcripts of all proceedings, and copies of the jury
charges at guilt/innocence and punishment. The trial court shall then make findings of fact and
conclusions of law as to whether the jury charge at guilt/ innocence was defective in that it allowed
for a non-unanimous verdict, and if so, whether Applicant was egregiously harmed by the defect. 
The trial court shall make findings as to whether the jury charge at punishment contained erroneous
information regarding parole eligibility, as if so, whether Applicant was egregiously harmed by the
error. 

 The trial court shall also make findings as to whether the performance of Applicant's trial
counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant, and
as to whether the performance of Applicant's appellate counsel was deficient, and, if so, whether
appellate counsel's deficient performance prejudiced Applicant. The trial court shall also make any
other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition
of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: September 26, 2012

Do not publish